UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIN KAM CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL CHEMICAL CORPORATION,<br><br>Defendant. | Case No. 16-cv-02643-JD<br><br>**ORDER RE AMENDED COMPLAINT AND CASE MANAGEMENT**<br><br>Re: Dkt. No. 24 |

In response to the dismissal of the complaint with leave to amend, Dkt. No. 22, plaintiff AKCC filed an amended complaint. Dkt. No. 23. The amended complaint provides just enough detail for the contract and fraud claims to survive ECCI's motion to dismiss under Federal Rules of Civil Procedure Rule 8(a) and Rule 9(b). Further amendment under those rules is not required.

The Court is considerably more concerned about the undisputed status of AKCC as an active supporter of insurgency in Afghanistan. The factual allegations in the amended complaint tell an unusual story on this score. AKCC agrees that the United States Central Command classified it as an insurgency supporter in July 2012, and that ECCI followed instructions from the Army Corps of Engineers to "terminate" its sub-contract with AKCC for that reason. Dkt. No. 23 ¶¶ 9-11. The insurgency supporter classification appears to trigger a number of potential consequences under the National Defense Authorization Act of 2012 and Department of Defense regulations, including the voiding of all contracts between AKCC and American entities like ECCI and a ban on further business dealings. Nevertheless, the amended complaint alleges that ECCI signed several post-termination agreements with AKCC in the form of "settlement agreements" that are described as allocating compensation and follow-up duties for the terminated sub-contract. *Id.* ¶¶ 13-15. The parties' motion papers also indicate that ECCI filed an

administrative action before the Armed Services Board of Contract Appeals that appears to overlap with the factual and legal disputes in this case. *See* Dkt. No. 31 at 4-5. The Court cannot tell from the current state of the record whether the administrative appeal has been completed, and if so, the board's determinations.

Consequently, in light of the atypical circumstances here, the Court finds that the optimal case management approach is to proceed to summary judgment on these key issues: (1) the factual and statutory or regulatory grounds for the termination of the sub-contract between AKCC and ECCI; (2) the legal effect of the termination, with attention to whether the contract was deemed void ab initio and whether a ban on further dealings with AKCC was imposed; (3) the preclusion or estoppel effects, if any, from the administrative proceedings, and any admissions of fact that might be relevant here; and (4) the law governing the agreements identified in the amended complaint, for example California state law or the law of some other jurisdiction. The Court would also like the parties' legal positions on the right of a supporter of insurgency to sue in federal court for breach of contract and fraud claims relating to a contract terminated for supporter status.

The parties may jointly propose other issues that they would like the Court to consider along with this list. The proposals must be factually or legally related to the Court's topics, and not raise different claims or issues. Additional summary judgment proceedings are possible at a future time, depending on developments. Discovery is limited to the summary judgment topics. The parties are directed to file a joint proposed summary judgment schedule by **June 8, 2018**.

**IT IS SO ORDERED.**

Dated: May 25, 2018

JAMES DONATO
United States District Judge

2