UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIN KAM CONSTRUCTION COMPANY, | Case No. 16-cv-02643-JD |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| ENVIRONMENTAL CHEMICAL CORPORATION, | |
| Defendant. | |

On April 15, 2019, the Court entered partial summary judgment in favor of defendants. Dkt. No. 53. The order dismissed plaintiff Kam Construction's primary claims against defendants, and reserved for further proceedings a few tailing fraud counts. The Court expressly directed the parties to work out a schedule for summary judgment proceedings on the remaining claims. *Id*. at 9.

No proposed schedule was filed. Kam Construction has done nothing at all since April 2019 to advance the prosecution of the case. In light of this inactivity, the Court was concerned that Kam Construction had abandoned the action. Consequently, on September 5, 2019, the Court issued an order for Kam Construction to show cause why the case should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. No. 54.

Kam Construction filed a response to the OSC that barely covered half a page. Dkt. No. 55. It did not explain why it stopped litigating this action, and did not express any commitment to moving the case forward to a conclusion. Strikingly, it did not submit a proposed schedule for the next round of summary judgment proceedings. Instead, Kam Construction asked for a stay of the case for 90 days to see if a "tentative peace agreement" between the Taliban and the United States will be fully realized, and to allow it to file some kind of new action to have itself removed from

what it calls a "pseudo and arbitrary *blacklist*," whatever that might be. *Id*. (italics in original).

How either of these points addresses the Rule 41(b) issues or the Court's concerns is left unsaid. It is not at all evident how peace talks with the Taliban or a vague mention of another action will bring this matter to a fair and efficient resolution. They certainly do not explain why Kam Construction simply stopped litigating this case. In addition, asking the Court to delay the case even more after an OSC was issued for prolonged inactivity is akin to whistling past the graveyard.

Kam Construction failed to abide by the Court's order to set a schedule, failed to respond to the OSC in a meaningful way, and has stopped litigating its claims. While the Court favors the disposition of cases on the merits, it has considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987), and finds that dismissal here is amply warranted for the fraud claims remaining in the case. Consequently, the case is dismissed without prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated: September 20, 2019

_____
JAMES DONATO
United States District Judge